[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a hearings in damages. The court heard the witnesses and reviewed the exhibits.
A. The law of adverse possession provides:
 "The essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without license or consent of the owner and under a claim of right." Ruick v. Twankins, 171 Conn. 149, 155 (1996)
B 1. The Defendant Norwalk Lodge No. 709 B.P.O. Elks, Inc. was ousted of possession and kept out uninterruptedly for a period of 15 years.
The charter of the Defendant Elks was revoked in 1975. Following that revocation, some former Elks members and some non-Elks formed an association called the 709 Sports Club. The new association was completely independent of the Elks which conducted no meetings or business following the revocation. The 709 Sports Club has occupied the premises from 1975 to the present time. Edward Schwartz, president of the 709 Sports Club has resided on the premises since 1983 and has run the financial affairs of the Club since that time. The undisputed evidence before the court was that the occupation of the premises by the 709 Sports Club has been continuous and uninterrupted. CT Page 11469
1. The Use of the Property has been Open. Visible and Exclusive
The subject premises has a sign on the front window stating "709 Sports Club". The utilities which serviced the premises were all in the name of "709 Sports Club". Checks to pay the utilities and other bills were in the name of the 709 Sports Club. Entry to the premises was restricted to members and guests. Only members had keys to the premises. The only activities on the premises were restricted to those of the members, including regular meetings, Thursday night dinners, card playing and other social activities.
2. The Possession of the Premises was Adverse. Under a Claim of Right and Without License or consent.
From 1975 to the present time, the 709 Sports Club not only occupied the premises, but engaged in acts of ownership without the consent of the Defendant Elks or anyone else. These acts of ownership included the following:
 1. Payment of all utilities and expenses of maintaining the premises;
 2. The making of substantial improvements, including installing a new roof, replacing flooring, replacing the toilets and other plumbing items, installing a new air conditioning unit, painting the building and redoing the fireplace;
 3. The payment of real estate taxes to the City of Norwalk. "Payment of taxes is powerful evidence of a claim of right." Deer Island Associates v. Trolle 181 Conn. 201, 204 (1980). The 709 Sports Club paid the real estate taxes from 1975 to 1993.
 4. The lease of the subject premise to the Knight's of Columbus. The plaintiff, under a claim of ownership, leased the premises to the Knights of Columbus and collected all the rents.
 5. The exclusive holding of keys to the premises by the members.
All of the expenses of maintenance and improvements were paid by funds received solely from the 709 Sports Club members. The CT Page 11470 members who testified before the court all spoke strongly about their belief that the 709 Sports Club was the owner of the property. (See Wimler v. Estate of Pranno Superior Court Judicial District of Middlesex, April 17, 1997 (Higgins, J. where the Court considered that the party claiming title by adverse possession spoke openly and strongly that the land was hers.)
The membership of the 709 Sports Club from its inception mainly consisted of people who were not former members of the Norwalk Lodge No. 709 B.P.O. Elks. The Defendant Elks was actually dissolved in 1940 and, after its revocation in 1975, it conducted no business. The members of the 709 Sports Club acted under the belief that they were the owners of the subject premises and entitled to assert the acts of ownership outlined above. No claim of ownership was ever received from the Defendant Norwalk Lodge No. 709 B.P.O. Elks, Inc. from 1975 to the present. Further, the expulsion of Mr. Devito, a former Elk, from the 709 Sports Club provides further evidence of the 709 Sports Club's claim of right. The members of the 709 Sports Club firmly believed that no permission or consent was required for their possession and they acted accordingly.
3. Conclusion
The plaintiff's adverse possession has been proven by clear and convincing proof. The 709 Sports Club has been in exclusive possession of the subject premises for 24 years. That possession has been continuous, uninterrupted, and totally exclusive. The evidence before the court was that the Club and its members believed that they were the owners of the premises and their actions over the years attests to that belief.
Accordingly, the court quiets title in and to the property and improvements thereon. The court declares the 709 Sports Club to have all right, title, interest claim and entitlement including exclusive possession to the property and improvements thereon known as 34 Doctor Martin Luther King Highway in Norwalk, Connecticut.
KARAZIN, J. CT Page 11471